IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID BOYLEN MANLEY,

               Plaintiff,

      v.

DR. THOMAS L. BRISTOL, MD; DR.
BENJAMIN SMITH, MD; DR. WARREN
G. ROBERTS, MD; TRACY BATCHELDER;
and JOHN/JANE DOE(S), all in their individual
and official capacities,

               Defendants.

Case No. 6:23-cv-01680-JR

**FINDINGS AND RECOMMENDATION**

**RUSSO, Magistrate Judge**

Plaintiff, an adult in custody at the Oregon State Penitentiary, brings this 42 U.S.C. §
1983 civil rights action as a self-represented litigant.  Currently before the Court is defendants'
Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 19).  For the reasons that follow,
defendants' motion should be DENIED.

## BACKGROUND

Plaintiff filed this action on November 11, 2023, with a Complaint that was signed on
November 9, 2023.  This Court conducted the screening required under the Prison Litigation
Reform Act ("PLRA"), 28 U.S.C. § 1915A(b), and on January 26, 2024, issued an Order to
Amend finding that plaintiff's Complaint did not state a claim upon which relief may be granted
under § 1983, advising plaintiff of the deficiencies of his Complaint, and requiring him to file an
Amended Complaint curing those deficiencies.  Plaintiff timely filed his Amended Complaint,
which the Court again screened as required under the PLRA, and on February 28, 2024, the
Court issued a Notice of Lawsuit and Request for Waiver of Service of Summons (ECF No. 5) in

which the Court concluded that plaintiff "has a reasonable opportunity to prevail on one or more claims and Defendants must therefore file an Answer or other responsive pleading." *See* 42 U.S.C. § 1997e(g)(2) (under the PLRA, "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits").

Plaintiff's Amended Complaint alleges three claims of denial of medical care in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment. As an initial matter, plaintiff alleges he has been diagnosed with the medical conditions of Type II diabetes requiring insulin, sensorimotor neuropathy likely as a result of diabetes, ankylosing spondylitis, meralgia paresthetica, adrenal insufficiency, anemia, essential hypertension, uveitis, glaucoma, cataracts, gastroesophageal reflux disease, dyslipidemia, and dyspnea on exertion.

In his first claim for relief, plaintiff alleges he suffers from physical pain and numbness from musculoskeletal injuries and nerve damages dating back to December 2021 when he was diagnosed with C1-C2 epidural abscess and C1-C6 prevertebral abscess. He alleges that despite various recommendations from outside medical providers, and continual written communications from plaintiff reporting severe pain in his neck, lower back, and upper extremities, defendants Smith, Roberts, and Bristol refused to provide the recommended treatment.

Plaintiff's second claim alleges he suffers vision loss and eye pain related to glaucoma and cataracts. He alleges that, again despite recommendations from outside medical providers that it is medically necessary for plaintiff to be evaluated by an endocrinologist or face additional avoidable eye pain and permanent vision loss, defendants Bristol, Smith, and Roberts deliberately refused to provide the recommended medical care. Plaintiff also alleges that defendants Batchelder and Does received numerous communications advising them of plaintiff's

urgent need for eye surgery, but that they delayed scheduling appointments and cancelled appointments once made in order to deliberately further delay plaintiff's medical treatment for his eye conditions. The time span pertaining to plaintiff's second claim runs from November 23, 2021, through October 31, 2023.

Plaintiff's third claim alleges he suffers from chronic and severe diarrhea. He alleges, *inter alia*, that in April 2023 an outside medical provider (rheumatologist) ordered plaintiff to be evaluated by an endocrinologist and ordered plaintiff to immediately begin a course of daily psyllium fiber. In August 2023, when plaintiff was seen by defendant Smith and asked when he would receive the ordered medication for his chronic and severe diarrhea, Smith informed plaintiff that Smith did not care about that condition, and plaintiff has not received the recommended medical care.

By way of remedy, plaintiff seeks money damages against defendants, which he specifically notes are against defendants in their individual, not official, capacities. Plaintiff also seeks injunctive relief requiring defendants to provide reasonable and necessary medical care for the three conditions described in plaintiff's Amended Complaint.

Defendants move to dismiss plaintiff's Amended Complaint on several grounds. First, they contend that to the extent plaintiff sues the individual defendants in their official capacity, the suit is barred by the Eleventh Amendment. Second, they argue plaintiff fails to allege facts establishing a claim for deliberate indifference of a serious medical need. Third, defendants argue plaintiff's claims are barred by the statute of limitations. Finally, fourth and fifth, they contend plaintiff is not entitled to injunctive or declaratory relief. Plaintiff submitted a thorough response to defendants' motion addressing each argument, and in reply defendants did not

3 – FINDINGS AND RECOMMENDATION

address plaintiff's arguments but instead elected to rest on the points and authorities submitted in support of their motion.

**LEGAL STANDARDS**

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court, in many circumstances, instructs the *pro se* litigant regarding deficiencies in the complaint and grants leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* plaintiff's claims may nonetheless be dismissed with prejudice where it appears beyond doubt the plaintiff can prove no set of facts that would entitle him or her to relief. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

## DISCUSSION

### I.    Official Capacity Claims

Defendants move to dismiss plaintiff's Amended Complaint "to the extent it is against the [individual] defendants in their official capacity." Defendants are correct that the Eleventh Amendment bars an action for damages when state officials are sued in their official capacity, because a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents. *Cory v. White*, 457 U.S. 85, 90 (1982); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Brandon v. Holt*, 469 U.S. 464, 471 (1985). As noted by the Court above, however, and as plaintiff addressed in his response to defendants' motion to dismiss, plaintiff specifically qualifies that his claims for damages against the defendants are in their individual, not official, capacities. It is only injunctive relief which plaintiff seeks against defendants in their official capacities, which is clearly not precluded by the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997) ("[A] suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity") (citing *Ex parte Young*, 209 U.S. 123 (1908); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989)). Accordingly, this portion of defendants' motion is not well taken.

### II.    Individual Capacity Claims

Defendants next move to dismiss plaintiff's Amended Complaint on the basis that he does not allege facts establishing a claim for denial of medical care against the defendants in their individual capacities. They contend that, at most, plaintiff's allegations may be construed as suggesting negligence, which cannot sustain an Eighth Amendment claim.

In order to state a claim under the Eighth Amendment regarding medical care, a plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A viable Eighth Amendment medical claim states two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to it with deliberate indifference. *Farmer*, 511 U.S. at 834. In general, a prisoner may show deliberate indifference with evidence that officials denied, delayed, or intentionally interfered with medical treatment, or he may show it by the way in which prison officials actively provided medical care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id*. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id*. (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin*, 662 F.2d at 1344 (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff states an Eighth Amendment claim against the defendants. Plaintiff plausibly alleges facts establishing a serious medical need with respect to each of his three claims for relief. Plaintiff also plausibly alleges facts establishing that, despite numerous recommendations and orders from outside medical providers, and despite plaintiff's extensive written communications to defendants concerning his medical needs, defendants deliberately failed to perform substantive direct or indirect actions to ensure plaintiff received necessary and timely medical treatment for his conditions. Plaintiff plausibly alleges that the continued denial of treatment and outright refusal to address plaintiff's conditions resulted in further deterioration of

those conditions.  Accordingly, plaintiff alleges plausible Eighth Amendment claims against defendants, particularly in light of the Court's requirement to hold *pro se* pleadings to a less stringent standard and to liberally construe the Amended Complaint in favor of the plaintiff.

## III.    Statute of Limitations

Defendants next contend that plaintiff's factual allegations of events which occurred more than to two years before the operative filing date(s) of plaintiff's original Complaint and Amended Complaint are barred by the statute of limitations.  They do so generally, without addressing the specifics of plaintiff's factual allegations of the timeline of events described by him but instead simply noting that he makes allegations dating back to December 2020.

It is well established that § 1983 claims are subject to a two-year statute of limitations in Oregon.  *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004).  Plaintiff counters defendants' argument, however, by noting that the Prison Litigation Reform Act forbids a prisoner from bringing an action "with respect to prison conditions under section 1983" until he has exhausted his "available" administrative remedies, and that the statute of limitations is tolled while the inmate engages in that process.  *See* 42 U.S.C. § 1977e(a); *Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("We do not regard the intersection of the exhaustion and statute of limitations requirements as creating a problem for prisoners, however, as we agree with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process") (citations omitted).  Because his Amended Complaint alleges full exhaustion of remedies, and because defendants have not in their motion shown which facts, if any, fall outside the two-year limitation period once tolling for exhaustion of remedies has been accounted for, plaintiff argues defendants have not met their burden to establish dismissal of any of his claims at this juncture.

The Court agrees with plaintiff. On the record currently before the court, defendants have not met the burden of establishing which, if any, of plaintiff's claims fall outside the limitation period because it is not possible to ascertain what affect the tolling period for exhaustion of administrative remedies has on plaintiff's claims. *See Schroeder v. University of Oregon*, No. 6:23-cv-01556-MC, 2025 WL 1019760, at *13 (D. Or. April 4, 2025) (in addressing a facial attack under the Rule 12(b)(6) standard, "[t]he Court may dismiss claims on statute of limitations grounds 'only when 'the running of the statute is apparent on the face of the complaint.'") (quoting *United States v. Page*, 116 F.4th 822, 829 (9th Cir. 2004)).[1] Accordingly, defendants' motion to dismiss any of plaintiff's claims based upon the statute of limitations should be denied.

## IV. Injunctive Relief

Defendants also move to dismiss plaintiff's claims for injunctive relief. They argue plaintiff cannot show a likelihood of success on the merits, and that because plaintiff has available to him other legal remedies in the form of the administrative grievance process and a state habeas corpus proceeding challenging the conditions of his confinement. Plaintiff has requested injunctive relief in his Amended Complaint, but as he notes in his response to defendants' motion to dismiss, he is not seeking such relief through either a motion for preliminary injunction or a temporary restraining order. Defendants provide no authority that would authorize the Court to dismiss Plaintiff's claim for injunctive relief at this time. Though it may be appropriate at a later stage of the litigation to deny plaintiff's requests for injunctive

---

[1] The burden shifts to the opposing party once the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Such is not the case here, as defendants' motion is based solely on the record.

relief, it is not clear that the Court can reach this decision on a motion to dismiss. *See Friends of Frederick Seig Grove #94 v. Sonoma Cnty. Water Agency*, 124 F.Supp.2d 1161, 1172 (N.D. Cal. 2000) (denying motion to dismiss claim for injunctive relief as premature, after explaining that "[w]hile the Court may ultimately agree with the defendants that injunctive relief is inappropriate, it is by no means evident that the Court can reach such a determination on a motion to dismiss."). Accordingly, defendants' motion to dismiss plaintiff's request for injunctive relief should be denied.

## V.    Declaratory Relief

Finally, defendants contend plaintiff's Amended Complaint is devoid of any facts showing that plaintiff is entitled to declaratory relief. Upon careful review of plaintiff's Amended Complaint, however, he does not specifically seek such relief; plaintiff asks only for money damages, injunctive relief, costs and disbursements, attorney fees, and "such other relief as it may appear plaintiff is entitled." In any event, defendants' motion to dismiss a claim for declaratory relief is premature, as the Court has found plaintiff states a claim for relief and such a determination on declaratory relief would be premature. *See Zepeda v. Tate*, No. CV 1:07-0982-SMM,, 2010 WL 4977596, at *6 (E.D. Cal. Dec. 2, 2010) (denying motion to dismiss claim for declaratory relief as premature where court had previously concluded plaintiff stated a claim upon which relief may be granted).

## RECOMMENDATION

For the foregoing reasons, defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 19) should be DENIED and this action should proceed on plaintiff's Amended Complaint.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgement or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of the party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of the fact in an order or judgement entered pursuant to this recommendation.

DATED:    June 6, 2025

/s/ Jolie A. Russo
_____
Jolie A. Russo
United States Magistrate Judge

11 – FINDINGS AND RECOMMENDATION